UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dexter Leon Bowens, # 91997-071, | ) C/A No. 8:10-38-RBH-BHH |
| Petitioner, | ) |
| vs. | ) |
| Warden, FCI-Edgefield, | ) Report and Recommendation |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a federal prison inmate.[1] The Petition in this case was originally docketed in Petitioner's criminal case in this Court (Case no. 6:08-cr-202-GRA), and Petitioner was notified that the Court was considering construction of the petition as a motion to vacate under 28 U.S.C. § 2255 unless Petitioner objected. Petitioner responded to the Court that he did not want his petition to be construed as a § 2255 motion. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records). Accordingly, per instructions of the sentencing judge, this civil case was opened with the Petition being considered under 28 U.S.C. § 2241. (Entry 4).

In the Petition submitted in this case, it is alleged that Petitioner's federal criminal conviction for possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), is illegal because this Court did not have appropriate jurisdiction over his activities, including possession of a gun, which he alleges took place within the boundaries of one state. Petitioner asserts that the commerce clause of the United States Constitution does not provide the United States Congress with sufficient interest and/or authority to support its delegation of authority to federal courts to

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

criminally prosecute activities that occur within the boundaries of the states. According to Petitioner, only the state in which's borders the activities took place has a right to institute criminal proceedings against the actor. Based on these arguments, Petitioner claims that he is "actually innocent" of the federal gun charge to which he pled guilty (Pet. 7), and asks this Court to vacate his federal sentence and order his release from prison. It does not appear from the docket of his criminal case that Petitioner appealed his conviction or sentence to the Fourth Circuit or that he has yet to pursue a § 2255 motion relative to his conviction and sentence.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because Petitioner's claim is cognizable only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241, and Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is/was inadequate or ineffective. By filing this § 2241 Petition and broadly claiming to be "actually innocent" without first presenting the claim of underlying invalidity of his federal conviction to the appropriate appellate court or to the sentencing judge by way of a § 2255 motion, Petitioner is improperly attempting to short-circuit the statutory framework clearly established by Congress for the consideration of such claims, and this attempted bypass of the statutes' gate-keeping mechanisms should not be allowed.

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which are present in this case. For example, it has been found available in actions challenging the administration of parole, *see Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *see McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-05 (6th Cir. 1993); prison disciplinary actions, *see United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence. *See Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991). Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his/her sentence, but it is not generally available where the underlying validity of the conviction and sentence is being

challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits). According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). A petition for habeas corpus under § 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See Atehortua v. Kindt*, 951 F.2d at 129-30.

Petitioner's allegations about the appropriate reach and authority of Congress to authorize the federal criminal prosecution that resulted in his conviction and the sentence he is now serving go to the underlying validity of his conviction and sentence rather than to the manner of execution of the sentence. As stated above, such matters are not properly considered under § 2241 unless Petitioner can come within the "savings clause" of § 2255 by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues. *See In re Vial,* 115 F.3d 1192 (4th Cir. 1977); *Tanksley v. Warden*, No. 99-4391, 2000 WL 1140751(6th Cir. Aug. 08, 2000)(unpublished opinion); *Ward v. Snyder*, No. 00-5191, 2000 WL 1871725 (6th Cir. Dec. 12, 2000)(unpublished opinion); *Gonzales v. Snyder,* No. 00-1095, 2000 WL 636908 (8th Cir. May 18, 2000)(same); *Elzie v. Pugh*, No. 99-1002, 1999 WL 734453 (10th Cir. Sept. 21, 1999)(same); *Onaghise v. Bailey*, No. 98-17174, 1999 WL 613461 (9th Cir. Aug. 12, 1999)(same). Petitioner makes no allegations in his Petition that § 2255 is an ineffective or inadequate means to raise the federal vs. states rights issue made in this case. This is not unexpected, however, because it does not appear that Petitioner has yet to avail himself of an initial § 2255 motion before the sentencing judge. The undersigned magistrate judge and the district judge assigned to this case cannot overrule the sentencing judge, and Petitioner's failure to pursue available and appropriate statutory procedures to have his argument considered in the proper forum (his criminal case via § 2255) indicates that his current § 2241 Petition was filed in an attempt to circumvent the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996,

commonly referred to as the AEDPA.[2]

Finally, Petitioner's unsupported statement that he "is actually innocent" of the crime for which he was convicted and sentenced does not require this Court to consider the merits of his Petition. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." *Bousley v. U. S.*, 523 U.S. 614, 623 (1998); *see also Doe v. Menefee*, 391 F.3d 147 (2d Cir. 2004). Prisoners such as Petitioner often assert actual innocence rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in petitions submitted under § 2241 where the arguments go to underlying validity of the conviction and/or sentence and where the issue has not been presented in a § 2255 motion. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to properly raise the issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." *Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997). However, in the present case, Petitioner's assertion of actual innocence is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the criminal charge on which he was convicted. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995)(to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); *Doe v. Menefee*, 391 F.3d at 161 (quoting *Schlup* for the evidentiary standard required for a court to consider an actual innocence claim); *Thompson*

---

[2]The AEDPA made many changes to prior practice in federal habeas corpus actions and created the current statutory rules regarding the timing, filing, and consideration of habeas corpus cases, including cases filed under either § 2255, § 2241, or § 2254.

*v. U. S.*, No. 99-3893, 2000 WL 571952(6th Cir. May 2, 2000)(bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241).

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

February 22, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).