IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Dexter Leon Bowens, ) | Civil Action No.: 8:10-cv-00038-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, a federal prisoner proceeding *pro se*, brought this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. The petition in this case was originally docketed in Petitioner's criminal case in this court, and the sentencing court notified Petitioner that it was considering the petition a motion to vacate under 28 U.S.C. § 2255 unless he objected. Petitioner informed the court that he did not want his petition to be construed as a § 2255 motion. Accordingly, the sentencing judge construed Petitioner's claims under § 2241 and this civil case was thereby opened. *See* Order [Docket Entry 4] at 1-2.

This matter is now before the court with the [Docket Entry 19] Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks[1] filed on February 22, 2010. Petitioner timely filed his [Docket Entry 21] Objections to the Report on March 3, 2010.[2]

---

[1] This matter was referred to Magistrate Judge Hendricks pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court).

Petitioner subsequently filed his [Docket Entry 23] "Amendment to Objections" on March 26, 2010.[3]

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[3] The court initially notes that such an "amendment" to petitioner's objections is not contemplated by Rule 72(b)(2), Federal Rules of Civil Procedure. Moreover, it appears that Petitioner's amended/second objections were not timely filed. Any objections to the Report were due by March 11, 2010. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). However, Petitioner's amended objections were not filed on the docket until March 26, 2010, well after the March 11 deadline. Nevertheless, out of an abundance of caution, the court has considered these amended objections as if they were properly filed because the amended objections merely expound upon the arguments raised in the timely filed, original objections.

**Discussion**

The Magistrate Judge recommended that the court should dismiss Petitioner's habeas petition because Petitioner's claims are not cognizable under 28 U.S.C. § 2241. Report at 3. Specifically, the Magistrate Judge stated the following:

> Petitioner's allegations about the appropriate reach and authority of Congress to authorize the federal criminal prosecution that resulted in his conviction and the sentence he is now serving go to the underlying validity of his conviction and sentence rather than to the manner of execution of the sentence. . . . [S]uch matters are not properly considered under § 2241 unless Petitioner can come within the "savings clause" of § 2255 by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues. . . . Petitioner makes no allegations in his Petition that § 2255 is an ineffective or inadequate means to raise the federal vs. states rights issue made in this case.

*Id.* at 4. Petitioner objects to this recommendation.

In his objections, Petitioner argues both that § 2241 is the proper vehicle for his claims and that § 2255 would be "inadequate and ineffective." The court finds both arguments to be without merit. First, Petitioner argues that Congress's enactment of § 2255 did not foreclose the use of § 2241 for habeas corpus petitions. Further, he argues, in a conclusory fashion, that his claims are "a classic case for the original writ of habeas corpus" under § 2241, and therefore the court should consider them appropriately. However, the court notes that "[t]hose convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Moreover, "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], *shall not be entertained* if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief . . . ." 28 U.S.C. § 2255(e)

3

(emphasis added). In the case at bar, Petitioner seeks to challenge the validity of his underlying conviction.[4] Additionally, it appears to the court, and Petitioner does not argue to the contrary, that Petitioner has not filed a motion to vacate his sentence under § 2255. As a matter of fact, when this current petition was filed, Petitioner ultimately informed the sentencing court that he desired for the petition to be construed under § 2241, not § 2255. *See* Order at 1-2; *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (a federal court may take judicial notice of the contents of its own records). Therefore, because Petitioner is attempting to attack the validity of his underlying conviction, and he has not filed a motion under § 2255 with the sentencing court, his claims are not currently cognizable under § 2241.

The court recognizes that there are exceptions to this above rule. "When . . . § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241." *In re Vial*, 115 F.3d at 1194 (quoting 28 U.S.C. § 2255(e)). In his objections, Petitioner does in fact contend that § 2255 would be "completely 'inadequate and ineffective' to test the legality of the petitioner's sentence and conviction." Am. Obj. at 3; *see also* Obj. at 2. It appears to the court that Petitioner bases this argument on the contention that a § 2255 petition would be barred by the relevant statute of limitations.[5] However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because

---

[4] Specifically, Petitioner seeks the following in his petition: "Therefore the U.S. federal district court must set aside and vacate the conviction of this petitioner forthwith and order the immediate release from the custody of the Federal Bureau of Prisons. The petitioner is not in violation of any crime governed by Title 18 regulations therefore is actually innocent." Petition [Docket Entry 1] at 7.

[5] Petitioner stated the following in his objections: "[H]ad the petition been filed pursuant to 28 U.S.C. Section 2255 the petition would have been out of the time limitation of said provision. Therefore 2241 is the proper vehicle in which to pursue said claim." Obj. at 2.

an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n.5 (internal citations omitted). Accordingly, Petitioner's arguments regarding the statute of limitations and a time-barred § 2255 motion are without merit, and therefore do not bring Petitioner's claims within the "savings clause" of § 2255.

Additionally, Petitioner contends throughout his petition and objections that he is "actually innocent" of the crime for which he was convicted.[6] As to this argument, the Magistrate Judge recommended that Petitioner's "assertion of actual innocence is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the criminal charge on which he was convicted." Report at 5. The court agrees. Essentially, Petitioner argues that the commerce clause of the United States Constitution does not provide United States Congress with the authority to support its delegation of authority to federal courts to criminally prosecute activities that occur within the boundaries of only one state. Petitioner further argues that his activities were entirely intrastate divesting the federal court of its jurisdiction, and therefore he is "actually innocent." However, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To present a credible claim of actual innocence, Petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not

---

[6] In her Report, the Magistrate Judge stated that Petitioner was convicted for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Report at 1. Petitioner objects to this statement, and contends that he actually pled guilty to § 924(c). Obj. at 1. The court overrules this objection. The docket in Petitioner's criminal case, No. 6:08-cr-00202-GRA-1, reflects that he pled guilty to Count 2 of the Indictment, which charged Petitioner of crimes in violation of §§ 922(g)(1), 924(a)(2), and 924(e). *See* Plea [Docket Entry 29]; *see also* Indictment [Docket Entry 2] at 2.

presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Royal v. Taylor*, 188 F.3d 239, 243-44 (4th Cir. 1999) (citing *Schlup*, 513 U.S. 298, for the proposition that in order to use an "actual innocence" claim a petitioner must present new reliable evidence not presented at trial). In the case at bar, Petitioner does not even allege that he has any new evidence that was not presented at his trial that would now support his innocence of the criminal charge on which he was convicted. Rather, Petitioner relies entirely on his legal arguments regarding the commerce clause and Congress's delegation power. Accordingly, Petitioner's factually unsupported claim of "actual innocence" does not require this court to consider the merits of his petition.

## Conclusion

The court has thoroughly reviewed the Report, objections, memoranda, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Accordingly, Petitioner's petition for a writ of habeas corpus is **DISMISSED** *without prejudice* and without issuance and service of process upon Respondent.

**IT IS SO ORDERED.**

    s/R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

April 13, 2010  
Florence, South Carolina